IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| JOSE TRINIDAD FLORES, <br> # 1725709, <br><br> Plaintiff, <br><br> v. <br><br> GREG DAVIS, *et al.*, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § Civil Action No. 2:16-cv-00230-D-BP <br> § <br> § <br> § <br> § <br> § |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff Jose Trinidad Flores's Civil Rights Complaint. ECF No. 3. After considering the pleadings and the applicable law, the undersigned **RECOMMENDS** that United States District Judge Sidney A. Fitzwater **DISMISS** the Complaint (ECF No. 3) **without prejudice** under 28 U.S.C. § 1915.

BACKGROUND

Plaintiff Jose Trinidad Flores (Flores) is a prisoner confined in the Jordan Unit of the Texas Department of Criminal Justice ("TDCJ") in Pampa, Texas. ECF No. 3 at 1. He brings this lawsuit *pro se* against Warden Greg Davis ("Greg Davis"), Dr. Michael Koehn ("Dr. Koehn"), Nurse Pamela Hurring ("Hurring"), and Director Lorie Davis ("Lorie Davis"). *Id.* at 3, 6–7. Against all defendants, Flores alleges deliberate indifference for denying medical treatment. *Id.* at 3. He alleges that he has serious problems with his back and has experienced "tremendous pain" for four years. *Id.* at 9. Flores alleges that Dr. Koehn, specifically, changed his pain medication prescription on August 25, 2016, from 800 milligrams of Ibuprofen to 500 mg of Naproxen and 75 mg of Nortriptyline, which did not provide effective pain relief. *Id.* According to Flores, Dr. Koehn took

X-rays of Flores in July 2016 but found no evidence of any damage to his spine. *Id.* Flores also states that Dr. Koehn denied Flores a blood test to "check evidence" of his allegations. *Id.* at 4.

On November 1, 2016, this Court granted Flores leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and withheld service of process pending screening. ECF No. 6. On May 16, 2018, Judge Fitzwater reassigned the instant case to the undersigned for pretrial management. ECF No. 11. On May June 25, 2018, the Court issued a questionnaire to Flores for further clarification. ECF No. 12. In the questionnaire, the Court asked Flores to state all facts known to him establishing that the individual Defendants violated his civil rights or were deliberately indifferent to his medical needs. *Id.*

Flores responded to the questionnaire on July 9, 2018. ECF No. 13. He stated no facts, only conclusory assertions of law, with respect to Greg Davis and Hurring. *Id.* at 1, 3. Flores stated that Dr. Koehn prescribed him Ibuprofen and Nortriptyline, which did not work for his back problems. *Id.* at 2. As for Lorie Davis, Flores stated only that, in her position as Director of TCDJ, she is legally responsible for the Jordan Unit. *Id.* at 4. He also stated that he fell in the shower in 2012 and at that time a physician named Dr. Dasilva prescribed him Nortriptyline for his pain, but that he has not had any "test medication" or any operations for his condition. *Id.* at 5.

## LEGAL STANDARD

A district court "shall dismiss" a case brought *in forma pauperis* "at any time if the court determines that . . . the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). To aid the court in determining whether it should dismiss an *in forma pauperis* complaint, the United States Court of Appeals for the Fifth Circuit has approved the use of questionnaires and evidentiary hearings. *Spears v. McCotter*, 766 F.2d 179, 181–82 (5th

Cir. 1985). Responses to these questionnaires and hearings become part of the pleadings. *Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1996).

A *pro se* plaintiff's pleadings are liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A "*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* However, if the court determines that the plaintiff has pleaded his or her best case, a district court does not err in dismissing a *pro se* complaint with prejudice. *Jones v. Greninger*, 188 F.3d 322, 326–27 (5th Cir. 1999) (citing *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)).

## ANALYSIS

Title 42 U.S.C. § 1983 provides a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, which is proscribed by the Eighth Amendment because its prohibition against cruel and unusual punishment embodies "broad and idealistic concepts of dignity, civilized standards, humanity, and decency." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Jackson v. Bishop*, 404 F.2d 571, 579 (8th Cir. 1968)). Deliberate indifference to medical needs only amounts to an Eighth Amendment violation if the prisoner's needs are serious. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citing *Estelle*, 429 U.S. at 103–104). "A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." *Gobert v. Caldwell*, 463 F.3d 339, 345 n.12 (5th Cir. 2006).

"Deliberate indifference is an extremely high standard to meet. . . . [T]he plaintiff must show that the officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for

3

any serious medical needs.'" *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)). "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Gobert*, 463 F.3d at 346.

To prove an Eighth Amendment violation, a prisoner must (1) "prove objective exposure to a substantial risk of serious harm" and (2) "show that prison officials acted or failed to act with deliberate indifference to that risk." *Gobert*, 463 F.3d at 345–46. Under the second, subjective prong, "a prison official acts with deliberate indifference 'only if (A) he knows that inmates face a substantial risk of serious bodily harm and (B) he disregards that risk by failing to take reasonable measures to abate it.'" *Id.* at 346 (quoting *Farmer v. Brennan*, 511 U.S. 825, 839 (1994)).

Flores has not made sufficient factual allegations that would establish that the Defendants were deliberately indifferent to his medical needs. Against Dr. Koehn, Flores alleges that the doctor prescribed him pain medication and took X-rays that did not reveal any damage, including the broken spine that Flores alleges. ECF No. 3 at 9. Dr. Koehn clearly did not refuse to treat Flores, as he gave Flores medication and performed tests to see what treatment was needed. *See Domino*, 239 F.3d at 756. In fact, the Nortriptyline that Dr. Koehn prescribed is the same medication that Flores alleges was originally prescribed to him by Dr. Dasilva. ECF No. 13 at 5. Flores asserts that Dr. Koehn denied him a blood test, but he does not allege what a blood test would have shown or that any medical professional has recommended this action in his case. ECF No. 3 at 4; *see Gobert*, 463 F.3d at 345 n.12. Flores's disagreement with his course of treatment, without exceptional circumstances that do not exist in the instant case, does not establish deliberate indifference. *Gobert*, 463 F.3d at 346.

With regard to the other Defendants, Flores has not alleged any facts that would establish that Hurring, Greg Davis, or Lorie Davis acted with deliberate indifference toward him. He asserts only conclusory statements as to these three Defendants. The fact that Greg Davis is the Warden supervising the Jordan Unit and Lorie Davis is the Director of TCDJ does not create liability under § 1983. "A supervisory official may be held liable under § 1983 only if (1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury." *Gates v. Texas Dept. of Protective & Regulatory Services*, 537 F.3d 404, 435 (5th Cir. 2008) (citing *Baker v. Putnal*, 75 F.3d 190, 199 (5th Cir. 1996)). Flores has not alleged that either Greg or Lorie Davis affirmatively participated in any deliberate indifference, nor has he alleged any unconstitutional policy on either of their parts.

Flores's Complaint and his answers to the Court's questionnaire do not contain any allegations that would indicate that any of the named Defendants acted with deliberate indifference to his medical needs. As a result, his Complaint should be dismissed.

## CONCLUSION

After considering the pleadings and the applicable law, the undersigned **RECOMMENDS** that United States District Judge Sidney A. Fitzwater **DISMISS** the Complaint (ECF No. 3) **without prejudice** under 28 U.S.C. § 1915.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state

the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    Signed July 17, 2018.

                                                        Hal R. Ray, Jr.
                                                        UNITED STATES MAGISTRATE JUDGE